**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SANDRA GRIFFIN,**

        **Petitioner,**

    **v.**                              **CASE NO. 2:99-CV-1127**

                                              **JUDGE SMITH**

**PAT ANDREWS,**                        **MAGISTRATE JUDGE KING**

        **Respondent.**

**OPINION AND ORDER**

On May 24, 2006, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed. On August 9, 2006, petitioner filed objections to the Magistrate Judge's *Report and Recommendation*. For the reasons that follow, petitioner's objections are **OVERRULED**.

The Magistrate Judge recommended that claims one through four be dismissed as procedurally defaulted. Petitioner objects to that recommendation. Claims one through three should have been raised on direct appeal, but were not. As cause for this procedural default, and as claim four of the instant habeas corpus petition, petitioner asserts the ineffective assistance of appellate counsel. As discussed by the Magistrate Judge, however, such claim also is procedurally defaulted, and therefore cannot constitute cause for the procedural default of claims one through three. *Edwards v. Carpenter*, 529 U.S. 446, 452-53 (2000). Petitioner failed to raise her ineffective assistance of appellate counsel claim in the state courts until April 19, 1999, approximately seven years after the Ohio Supreme Court dismissed her appeal on July 15, 1992, and the state appellate court denied her delayed Rule 26(B) application for failure to show good cause for the untimely

filing.  *See* Exhibit 14 to Return of Writ.  Petitioner nonetheless now asserts that Ohio's Rule 26(B) was not an effective remedy on April 19, 1999, when she filed her delayed Rule 26(B) application in light of  "conflicting applications of *res judicata*" by the Ohio courts to bar claims of ineffective assistance of appellate counsel in Rule 26(B) proceedings where such claims were not raised on appeal to the Ohio Supreme Court.  *Objections,* at 1-2.  The Court is not persuaded by petitioner's argument.  All of the cases referred to by petitioner in support of this argument involve the denial of an application to reopen the appeal for failure to show good cause for the untimely filing, and invoke *State v. Houston*, 73 Ohio St.3d 346, 347 (1995), which held in pertinent part:

> *Res judicata* may be applied to bar further litigation of issues that were raised previously or could have been raised previously in an appeal. *See State v. Perry* (1967), 10 Ohio St.2d 175, 39 O.O.2d 189, 226 N.E.2d 104. In *State v. Murnahan* (1992), 63 Ohio St.3d 60, 66, 584 N.E.2d 1204, 1209, we held that in some cases "circumstances render the application of *res judicata* unjust." In the case at bar, however, appellant has had prior opportunities to challenge the effectiveness of his appellate counsel. Furthermore, appellant provides no explanation as to why the application of *res judicata* would be unjust.

*Id.  See State v. Hutton*, 2000 WL 301097 (Ohio App. 8th Dist. March 20, 2000)(untimely Rule 26(B) proceeding denied where no viable explanation for 6 year delay in filing application, and no genuine issue of ineffective assistance); *State v. Hunter,* 1997 WL 260050 (Ohio App. 8th Dist. May 15, 1997)(untimely Rule 26(B) application denied where no explanation for one year delay in filing and issues already addressed on direct appeal); *State v. Collins*, 1997 WL 64066 (Ohio App. 8th Dist. February 10, 1997)(untimely Rule 26(B) application denied because lack of transcript does not constitute good cause, defendant never pursued appeal to Ohio Supreme Court, and claim of ineffective assistance of appellate counsel lacks merit).  Further, the fact that a state appellate court may have granted relief in Rule 26(B) proceedings after the Ohio Supreme Court had declined to

2

hear the discretionary appeal does not render the good cause requirement of Ohio's Appellate Rule 26(B) an inadequate or ineffective state ground to preclude federal habeas corpus review.  As discussed by the Magistrate Judge, the United States Court of Appeals for the Sixth Circuit has held that Ohio's Rule 26(B) was no longer inadequate in 1999, when petitioner filed her delayed Rule 26(B) application.  *Monzo v. Edwards*, 281 F.3d 568, 577-78 (6th Cir. 2002).  This Court therefore reaches the same conclusion here.

Petitioner also again asserts that she properly presented to the state court her claim that her consent to be tried and sentenced by a single judge was not knowing, intelligent or voluntary -- whether in the table of contents of her appellate brief or in page five of her Rule 26(B) application. *Objections*, at 2-3.  Petitioner objects to the Magistrate Judge's rejection of such argument:

> Contrary to the Magistrate's opinion, there is no requirement that a constitutional claim must be in a table of contents to a motion to reopen.... There is also no rule against putting a constitutional argument on the fifth page of an appellate document.

*Id.*, at 2.  This Court is likewise unpersuaded by petitioner's argument.  As discussed by the Magistrate Judge, nothing in  petitioner's state appellate brief would have alerted the state appellate court that petitioner intended to raise a claim that her consent to be tried by a single judge was not knowing, intelligent or voluntary.  *See* Exhibit 5B.  It is true that petitioner raised an issue regarding her consent to be tried by a single judge on page five of her Rule 26(B) application; however, the issue was couched in the context of a claim that petitioner had been denied the effective assistance of appellate counsel, and not as an independent claim.  *See* Exhibit 13 to Return of Writ.

Additionally, only claims of ineffective assistance of appellate counsel may properly be brought under Ohio's Rule 26(B).  Petitioner refers to *State v. Comer*, 99 Ohio St.3d 463 (2003), *abrogated by State v. Foster*, 109 Ohio St.3d 1 (2006), in support of her contention that the merits

3

of underlying substantive claims are properly raised and considered in Rule 26(B) proceedings.

Again, the Court is not persuaded by petitioner's argument.  *State v. Comer, supra*, involved the

Ohio Supreme Court's consideration of the denial of a claim of ineffective assistance of appellate

counsel in Rule 26(B) proceedings.  The Ohio Supreme Court rejected the claim of ineffective

assistance of counsel but nevertheless granted relief on certain sentencing claims as follows:

> This appeal presents two separate issues concerning appellant's
> sentences. Appellant challenges (1) the imposition of consecutive
> sentences and (2) the imposition of a nonminimum sentence for the
> aggravated robbery count. Appellant further asserts that his appellate
> counsel was ineffective because of her failure to raise these issues in
> his first appeal. We decline to hold that appellate counsel was
> deficient in the performance of her duties. The law in Ohio was
> unsettled on these issues, and the sentences pronounced by the trial
> court were in line with case law in the appellate district at the time
> this appeal was argued. Counsel cannot be faulted for failing to
> predict that the law would change. However, we find appellant's
> arguments concerning his sentences meritorious. Therefore, we
> reverse the judgment of the court of appeals and remand the matter
> to the trial court for resentencing.

*Id*., at 465.  *State v. Comer, supra,* which was a discretionary appeal to the Ohio Supreme Court

upon that court's determination that a conflict existed among the courts of the state, does not stand

for the proposition that claims other than the alleged ineffective assistance of appellate counsel may

properly be raised in Rule 26(B) proceedings.  Indeed, the plain language of Ohio's Rule 26(B)

provides otherwise:

> (B) Application for reopening
>
> (1) A defendant in a criminal case may apply for reopening of the
> appeal from the judgment of conviction and sentence, based on a
> claim of ineffective assistance of appellate counsel. An application
> for reopening shall be filed in the court of appeals where the appeal
> was decided within ninety days from journalization of the appellate
> judgment unless the applicant shows good cause for filing at a later
> time.

*Id.*

In any event, the issues presented in petitioner's delayed Rule 26(B) application are procedurally defaulted because of petitioner's failure to show good cause for her untimely filing. *See Report and Recommendation*, at 10-20.

Finally, petitioner objects to the Magistrate Judge's rejection of her claim that she was denied due process when she consented to be tried by a single judge in violation of state law. Petitioner specifically objects to the Magistrate Judge's reference to *Ahart v. Bradshaw*, 122 Fed.Appx. 188, 193 (6th cir. January 18, 2005), an unpublished case, in recommending dismissal of this claim. For the reasons detailed in the Magistrate Judge's *Report and Recommendation*, at 20-24, the Court is not persuaded by petitioner's arguments.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner and has carefully reviewed the entire record in this case. For all of the foregoing reasons, and for the reasons detailed in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** This action is hereby **DISMISSED.**

IT IS SO ORDERED.

s/George C. Smith
GEORGE C. SMITH
United States District Judge